The SCOTCH WHISKY ASSOCIATION,
Petitioner–Appellant,

v.

UNITED STATES DISTILLED
PRODUCTS COMPANY,
Respondent–Appellee.

No. 91–1268.

Cancellation No. 17,568.

United States Court of Appeals,
Federal Circuit.

Dec. 18, 1991.

Charles R. Mandly, Jr., Pattishall, McAuliffe, Newbury, Hilliard & Geraldson, of Chicago, Ill., argued for petitioner-appellant. With him on the brief were Beverly W. Pattishall and M. Blair Tenney.

Lewis R. Shafer, Buchman & O'Brien, of New York City, submitted for respondent-appellee.

Before RICH, ARCHER and CLEVENGER, Circuit Judges.

RICH, Circuit Judge.

This appeal is from the February 12, 1991, decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board (Board), 18 USPQ2d 1391, dismissing the petition of The Scotch Whisky Association (Association or petitioner) to cancel Registration No. 1,499,108, owned by the United States Distilled Products Company (USDP), of the word mark *McAdams* for "Whiskey". The dismissal was on USDP's motion and on the ground that the Association's petition, as amended August 28, 1990, failed to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12. We *reverse* and *remand.*

*Background*

This appeal is from the third decision of the Board in this cancellation proceeding, each supported by an extensive published opinion, and the proceeding has not yet progressed beyond the pleading stage. Familiarity will be presumed with these Board opinions which all have the same title as the present appeal. They are:

1. November 27, 1989, 13 USPQ2d 1711, a decision granting USDP's motion to dismiss for failure to state a claim but granting leave to petitioner to amend its petition.

2. August 15, 1990, 17 USPQ2d 1240, a decision on petitioner's motion for reconsideration of above decision "1" deny-

ing the motion and resetting the time to amend.

3. February 12, 1991, 18 USPQ2d 1391, ruling on USDP's renewed motion to dismiss which followed upon the filing of an amended petition to cancel and USDP's answer thereto. The Board granted the motion to dismiss and concluded with this significant statement:

The Board, finding no plausible reason to allow petitioner a further opportunity to amend its petition to cancel, hereby dismisses the petition to cancel. [Footnote omitted.]

The first of the above opinions is of interest in showing the form of the registered mark, *McAdams,* and the manner of its use on USDP's labels, which also show the uncontested fact that the whisky on which the mark is used is not Scotch whisky but blended Canadian whisky.

In the opinion supporting the appealed decision, the Board summarized the amended petition to cancel as follows (18 USPQ2d at 1392):

In its amended petition to cancel, petitioner has alleged all of its original allegations (which will not be repeated here), and petitioner has added allegations that MCADAMS is a Scottish surname; that, as such, MCADAMS is strongly associated by the United States public with Scotland; that it is a common practice to market Scotch whisky in the United States under marks composed in whole or in part of Scottish surnames; and that as a result of such significance, association and use of Scottish surname marks for Scotch whisky in the United States, such marks have come to be understood by the public to identify the geographic origin of such goods.

The interest of the petitioner-Association, which represents a very large number of distillers and merchants of Scotch whisky in Scotland and the United Kingdom, is to protect their interests by discouraging the use of the term Scotch on whisky which has not originated in Scotland, as well as the use or registration of any other terms which would falsely indicate a Scotch origin. The petition makes clear that Mc-

*Adams* is regarded by petitioner as such a term when used on whisky of non-Scotch origin. By way of example, we quote two of the paragraphs added to the petition by amendment:

11. Use by Respondent of the aforesaid trademark MCADAMS for whisky not produced in Scotland deceptively connotes and signifies that the product sold under said mark has a place of produce [sic] and geographic origin in Scotland.

12. Use by the Respondent of the aforesaid trademark MCADAMS for whisky not produced in Scotland is likely to deceive persons, including, upon information and belief, members of the relevant purchasing public, to believe that said product has been produced in Scotland.

### *Petitioner's Legal Contention*

Pleading the likelihood of deception of purchasers, petitioner bases its right to have the registration cancelled on section 2(a) of the Trademark (Lanham) Act, 15 U.S.C. 1052(a). Omitting irrelevancies, the Act provides:

§ 1052. *Trademarks registrable on principal register:* ...

No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—

(a) Consists of or comprises ... deceptive ... matter; ....

USDP's registration is on the Supplemental Register rather than the Principal Register but section 2(a) is equally applicable to it by virtue of section 23, 15 U.S.C. 1091(a).

Petitioner's simple proposition is that if *McAdams* falsely suggests to prospective purchasers that USDP's Canadian whisky comes from Scotland, as it hopes to be able to prove, then it consists of deceptive matter and its registration is prohibited by § 2(a) and, being registered, the registration should be cancelled. Petitioner asserts that it has sufficiently pleaded its case and should be allowed to proceed to trial and should not be turned away at the door of the Board.

## *The Board's Reason for Dismissal*

The Board's position is clear though the justification for it is not. Its opinion says, "when asserting geographic deceptiveness, a plaintiff [petitioner] must plead that the mark has primary geographic significance." It also says, "A plaintiff need not allege that the mark is a geographic place name but the plaintiff must allege that the mark is a geographic designation (i.e., has geographic association)...." It seems to us that that is exactly what petitioner has alleged: *McAdams* is a Scottish surname and is strongly associated by the United States public with Scotland. Then, restating its position, the Board summed it up thus:

> That is, petitioner herein must plead that the term MCADAMS is primarily recognized as a geographical term in and of itself. It is not sufficient to plead, as we believe petitioner has done in this case, that the term is just suggestive or evocative of a geographical place. Because petitioner has not alleged that the mark in question, MCADAMS, is primarily geographical or has primary geographic significance, the petition to cancel fails to state a claim of geographical deceptiveness.

## OPINION

It is undisputed, of course, that 37 CFR 2.116(a) provides that inter partes proceedings before the Trademark Trial and Appeal Board, such as this cancellation, are governed by the Federal Rules of Civil Procedure. Rule 1 sets the policy for construing all of these rules: "They shall be construed to secure the just, speedy, and inexpensive determination of every action." Rule 8, "General Rules of Pleading," provides in (a)(2) that there shall be "a short and plain statement of the claim showing that the pleader is entitled to relief" and in (f) that "All pleadings shall be so construed as to do substantial justice."

▪ The Board, in the opinion supporting the appealed decision, stated the law applicable here, with which we entirely agree:

Under the "simplified notice pleading" of the Federal Rules of Civil Procedure, the allegations of a complaint [petition] *should be construed liberally* and the "complaint should not be dismissed for failure to state a claim unless it appears *beyond doubt* that the plaintiff [petitioner] can prove no set of facts in support of his claim which would entitle him to relief." See *Conley v. Gibson*, 355 U.S. 41 [78 S.Ct. 99, 2 L.Ed.2d 80] ... (1957). See also *Stanspec Co. v. American Chain and Cable Co., Inc.*, 531 F.2d 563, 189 USPQ 420 (CCPA 1976). [Emphasis ours.]

The point on which we disagree with the Board, in light of this correct statement of law, is that the petitioner here, if it proved all of the facts alleged in the amended complaint, would also have to prove, to quote the Board, "that the term MC-ADAMS is primarily recognized as a geographical term in and of itself." The Board cited no authority for such a requirement in its opinion. The Board referred to *In re House of Windsor, Inc.* 221 USPQ 53 (TTAB 1983), and *In re Quady Winery, Inc.*, 221 USPQ 1213 (TTAB 1984), but neither case supports the proposition. Indeed, *Quady Winery* suggests the opposite result. There the mark ESSENSIA was held deceptive for wine that is not a known rare type of Hungarian wine, though that case was not under § 2(a).

Besides the lack of support for the Board's reason for dismissing the petition, we find its opinion internally inconsistent in stating that petitioner need allege only that the mark has geographic association and then saying that petitioner must also allege that the mark must be a geographic term. We see nothing in § 2(a) or elsewhere that imposes that requirement on the petitioner. If the pleaded facts are proved, petitioner will be entitled to have the registration cancelled as deceptive. However, at this juncture we express no views on that question or on what proofs would be adequate.

For all of the above reasons we reverse the Board's dismissal of the petition.

Because we find that petitioner has adequately pleaded a claim on which relief

could be granted under section 2(a) of the Trademark Act, we find it unnecessary to discuss the alternative claim based on Articles 10 and 10*bis* of the Paris Convention.

### Our Jurisdiction

USDP contends that this court lacks subject matter jurisdiction because the Board decision was not final, saying "the dismissal was without prejudice." As shown at the beginning of this opinion, that characterization of the decision is untrue. This contention is therefore without merit.

## CONCLUSION

The decision of the Board dismissing petitioner's petition is *reversed* and the case is *remanded* to the Board for further proceedings.

REVERSED AND REMANDED.