THIS DISPOSITION
IS A PRECEDENT
OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Lykos

Mailed: November 21, 2007

Opposition No. 91175571

Fair Indigo LLC

v.

Style Conscience

Before Seeherman, Drost and Walsh, Administrative Trademark Judges.

By the Board:

On February 24, 2006, applicant applied to register the mark STYLE CONSCIENCE for "jewelry made from, or coated with, precious metals and their alloys and/or precious stones, namely, pendants, bracelets, earrings, and necklaces" in International Class 14, alleging a bona fide intent to use the mark in commerce.[1] Opposer has opposed registration on the grounds that applicant's mark so resembles opposer's applied-for mark that it is likely to cause confusion, mistake, or deceive prospective consumers under Section 2(d) of the Lanham Act. In support of its claim of priority, opposer pleaded ownership of Application

---

[1] Application Serial No. 78823003.

Serial No. 78844210, filed March 23, 2006, for the mark STYLE WITH A CONSCIENCE for "jewelry, watches, necktie fasteners" in International Class 14, alleging a bona fide intent to use the mark in commerce. Opposer subsequently filed an amendment to allege use asserting September 18, 2006 as the date of first use anywhere and in commerce.

Applicant, in lieu of answering the notice of opposition, filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, arguing that opposer has failed to properly plead priority pursuant to *Zirco Corp. v. American Telephone and Telegraph Co.,* 21 USPQ2d 1542 (TTAB 1992), because the constructive use date (i.e. the filing date) of applicant's application precedes both the filing date and date of first use of opposer's pleaded application. Opposer filed a responsive brief opposing the motion, and concurrently therewith a motion to amend its notice of opposition with an amended notice of opposition.

A plaintiff may amend its complaint once as a matter of course at any time before an answer thereto is served. Fed. R. Civ. P. 15(a). Thus, a plaintiff in a proceeding before the Board ordinarily can respond to a motion to dismiss by filing, *inter alia,* an amended complaint. If the amended complaint corrects the defects noted by the defendant in its motion to dismiss, and states a claim upon which relief can

be granted, the motion to dismiss normally will be moot. *See* TBMP § 503.03 (2d. ed. rev. 2004) and cases cited therein.

Insofar as opposer could amend its notice of opposition as of right, we accept the amended notice as the operative pleading, and now consider the motion to dismiss with respect to the amended notice of opposition, and determine whether the amended complaint asserts a proper claim. Applicant has discussed the amended pleading in its reply brief. In the amended notice of opposition, opposer alleges priority based on analogous use as set forth below:

> 16. Opposer has made continuous use of the mark with both actual use starting September 18, 2006, and analogous use starting January 2006.

In addition, opposer asserts an additional ground, namely that applicant lacked a bona fide intent to use the mark in commerce at the time it filed its application:

> 14. Upon information and belief, Applicant did not have a bona fide intention to use the mark in commerce on the specified goods when it filed its application covering STYLE CONSCIENCE for the goods specified therein.

> 15. Upon information and belief, Applicant has yet to have a bona fide commercial use of the mark in commerce and merely attempts to reserve a right in the mark in its application. Applicant has not supplied any documentation of actual use despite repeated requests by Opposer.

Applicant maintains that the amended pleading remains defective and that the opposition should be dismissed for

failure to state a proper claim.  Applicant argues that opposer has failed to allege the requisite elements for pleading priority based on analogous use, relying upon *T.A.B. Systems v. PacTel Teletrac,* 77 F.3d 1372, 37 USPQ2d 1879 (Fed. Cir. 1996) ("*Pactel*").  With regard to opposer's newly asserted claim, applicant contends that opposer has only alleged in general terms that applicant lacks a bona fide intent to use the mark in commerce without providing the necessary facts that would give applicant fair notice of the reasons for its belief.

In order to withstand a motion to dismiss for failure to state a claim, a plaintiff need only allege such facts as would, if proved, establish that (1) the plaintiff has standing to maintain the proceedings, and (2) a valid ground exists for opposing the mark.  The pleading must be examined in its entirety, construing the allegations therein liberally, as required by Fed. R. Civ. P. 8(f), to determine whether it contains any allegations which, if proved, would entitle plaintiff to the relief, sought.  *See Lipton Industries, Inc. v. Ralston Purina Co.,* 670 F.2d 1024, 213 USPQ 185 (CCPA 1982); *Kelly Services Inc. v. Greene's Temporaries Inc.,* 25 USPQ2d 1460 (TTAB 1992)*;* and TBMP § 503.02 (2d. ed. rev. 2004).  For purposes of determining a motion to dismiss for failure to state a claim upon which relief can be granted, all of plaintiff's well-pleaded

allegations must be accepted as true, and the complaint must be construed in the light most favorable to plaintiff. *See Advanced Cardiovascular Systems Inc. v. SciMed Life Systems Inc.,* 988 F.2d 1157, 26 USPQ2d 1038 (Fed. Cir. 1993); *see also* 5A Wright & Miller, *Federal Practice And Procedure: Civil 2d* § 1357 (1990). Dismissal for insufficiency is appropriate only if it appears certain that opposer is entitled to no relief under any set of facts which could be proved in support of its claim. *See Stanspec Co. v. American Chain & Cable Company, Inc.,* 531 F.2d 563, 189 USPQ 420 (CCPA 1976).

In evaluating the sufficiency of a pleading, Trademark Rule 2.104(a) provides that:

> The opposition must set forth a short and plain statement showing why the opposer believes he, she or it would be damaged by the registration of the opposed mark and state the grounds for opposition.

The elements of each claim should be stated concisely and directly, and include enough detail to give the defendant fair notice. *See* Fed. R. Civ. P. 8(e)(1); *see also Harsco Corp. v. Electrical Sciences Inc.,* 9 USPQ2d 1570, 1571 (since function of pleadings is to give fair notice of claim, a party is allowed reasonable latitude in its statement of its claims). Under the simplified notice pleading of the Federal Rules of Civil Procedure, the allegations of a complaint should be construed liberally so

as to do substantial justice. *Scotch Whisky Assoc. v.
United States Distilled Products Co.,* 952 F.2d 1317, 21
USPQ2d 1145 (Fed. Cir. 1991). The purpose of a Rule
12(b)(6) motion is to challenge "the legal theory of the
complaint, not the sufficiency of any evidence that might be
adduced" and "to eliminate actions that are fatally flawed
in their legal premises and destined to fail . . ."
*Advanced Cardiovascular Systems Inc. v. SciMed Life Systems
Inc., supra* at 26 USPQ2d 1041.

At issue here is the sufficiency of the pleaded claims.
Considering first whether opposer has asserted a proper
Section 2(d) claim, the Board construes the allegations set
forth in Paragraph 16 of opposer's amended notice of
opposition as adequate notice pleading of applicant's
reliance on analogous use to establish priority.
Applicant's argument that opposer must allege the elements
set forth in *PacTel,* including specifically alleging that
the analogous use must be "sufficiently clear, widespread
and repetitive," and make a "substantial impact on the
purchasing public," reflects a misunderstanding of the rules
regarding notice pleading. Applicant has confused the
requirements for pleading priority through analogous use
with the requirements for proving priority at trial or on
summary judgment. As is often stated, the purpose of notice
pleading is to obviate the need to allege particular "magic

words." *See Levi Strauss & Co. v. R. Josephs Sportwear, Inc.,* 36 USPQ2d 1328, 1330 (TTAB 1994). Opposer, by alleging "analogous use starting January 2006," has provided applicant with ample notice of the basis upon which it seeks to establish priority in this case for its Section 2(d) claim. Thus, to require anything more would undermine the principles underlying the notice pleading system.

Applicant has also argued that, even if opposer had adequately pleaded that it had priority by making analogous use, it cannot rely on such use because permitting a party to assert priority by analogous use over an intent-to-use application contravenes the legislative intent of Section 1(b). More specifically, applicant contends that allowing a party to gain priority over an intent-to-use application through anything less than use in commerce sufficient to confer ownership rights under the common law would nullify the policy of constructive use to encourage prompt registration of marks. In support of its position, applicant relies on the legislative history of the Trademark Law Revision Act ("TLRA"), Senate Judiciary Committee Report on S.1883, Senate Report No. 100-515 (September 15, 1988), as well as the language set forth in Section 7(c) of the Lanham Act, namely that a party that "has used the mark" may be excepted from the intent-to-use constructive use priority.

We disagree that opposer's reliance on analogous use, if such use could be established, would still fail to state a claim of priority. Applicant is correct that Congress intended the constructive use provision of Section 7(c) to foster the filing of intent-to-use applications. However, nothing in the legislative history of the TLRA evinces an intent on the part of Congress to prohibit a party from asserting priority by analogous use vis-à-vis an intent-to-use applicant. According to the legislative history of the TLRA, the intent to use system was created to obviate the need for "token" use. "Token" use is different from use analogous to trademark use.

The creation of the intent-to-use system did not affect the manner upon which a party can prove priority. The Board implicitly acknowledged this in *Corporate Document Services Inc. v. I.C.E.D. Management Inc.,* 48 USPQ2d 1477, 1479 (TTAB 1998):

> Just as an applicant in a use-based application can rely, for purposes of priority in a proceeding such as this, upon use (including use analogous to trademark use) prior to the filing date of its application, or even prior to its claimed use dates, an intent-to-use applicant is entitled to rely upon actual use, or use analogous to trademark use, prior to the constructive use date of the intent-to-use application. See *Dyneer Corp. v. Automotive Products plc,* 37 USPQ2d 1251 (TTAB 1995). (Intent-to-use applicant permitted to tack use analogous to trademark use to its constructive use date so long as applicant had continuing intent to cultivate association of mark with itself and its goods or services up until the filing date).

This principle applies with equal force to a plaintiff in an opposition proceeding. Thus, by logical extension, a party may establish priority by use analogous to trademark use regardless of how the adverse party seeks to establish priority.

Next, with respect to opposer's newly asserted claim regarding applicant's alleged lack of a bona fide intent to use the mark in commerce, applicant, with its responsive brief, submitted as evidence of its bona fide intent to use the mark in commerce a copy of a design patent application filed shortly after its trademark application. Applicant argues that this documentary evidence renders opposer's amended pleading futile and moot.

Again, applicant misunderstands that under the notice pleading rules applicable to this proceeding opposer is only required to state a valid claim. Applicant's arguments and evidence are of no import in considering opposer's motion to amend, but rather are more appropriate on summary judgment or for submission as evidence during its testimony period and for argument as part of its trial brief.

The Board finds that the allegations set forth in paragraph Nos. 15-16 of the amended notice of opposition constitute adequate notice pleading of a claim that applicant has no bona fide intent to use the mark in commerce under Trademark Act Section 1(b).

In summary, opposer's motion to amend its notice of opposition is granted, and applicant's motion to dismiss is denied. Opposer's amended notice of opposition is now the operative pleading in this case.

Proceedings herein are resumed. Applicant is allowed until THIRTY (30) days from the mailing date of this order to file an answer to the amended notice of opposition. Trial dates, including the close of discovery, are reset as follows:

THE PERIOD FOR DISCOVERY TO CLOSE:          4/1/08

30-day testimony period for party in
position of plaintiff to close:          6/30/08

30-day testimony period for party in
position of defendant to close:          8/29/08

15-day rebuttal testimony period for
plaintiff to close:                      10/13/08

In each instance, a transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).

An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

**NEWS FROM THE TTAB**:

The USPTO published a notice of final rulemaking in the Federal Register on August 1, 2007, at 72 F.R. 42242. By this notice, various rules governing Trademark Trial and Appeal Board inter partes proceedings are amended. Certain amendments have an effective date of August 31, 2007, while most have an effective date of November 1, 2007. For further information, the parties are referred to a reprint of the final rule and a chart summarizing the affected rules, their changes, and effective dates, both viewable on the USPTO website via these web addresses:
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242.pdf
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242_FinalRuleChart.pdf

By one rule change effective August 31, 2007, the Board's standard protective order is made applicable to all TTAB inter partes cases, whether already pending or commenced on or after that date. However, as explained in the final rule and chart, this change will not affect any case in which any protective order has already been approved or imposed by the Board. Further, as explained in the final rule, parties are free to agree to a substitute protective order or to supplement or amend the standard order even after August 31, 2007, subject to Board approval. The standard protective order can be viewed using the following web address:
http://www.uspto.gov/web/offices/dcom/ttab/tbmp/stndagmnt.htm