This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

jk

Mailed:  July 14, 2010

Opposition No. 91191988

Flash & Partners S.P.A.

v.

I. E. Manufacturing LLC

Before Quinn, Kuhlke and Mermelstein,
Administrative Trademark Judges.

By the Board:

I. E. Manufacturing LLC ("applicant") seeks to register the mark shown below for "eyewear; sunglasses; goggles for sports; eyewear cases, namely, cases for sports eyewear" in International Class 9, and "shirts, T-shirts, sweatshirts, hats" in International Class 25.[1]



Flash & Partners S.P.A. ("opposer") opposes registration on the grounds of priority and likelihood of confusion, and pleads ownership of Registration Nos. 3261431, 3395139 and 3427232. Applicant denied the salient allegations of the opposition, and

---

[1] Application Serial No. 77547346, filed August 14, 2008, based on an intent to use the mark in commerce under Trademark Act §1(b).

Opposition No. 91191988

filed a counterclaim for cancellation of pleaded Registration No. 3261431,[2] shown below.





In lieu of filing an answer, opposer moved to dismiss the counterclaim pursuant to Fed. R. Civ. P. 12(b)(6). The motion has been fully briefed.

As a preliminary matter, with its response to opposer's motion to dismiss, applicant included a cross-motion for leave to amend its counterclaim, and an amended counterclaim, which inserts some clarifications and additions to its allegations. Applicant's cross-motion for leave to amend its counterclaim is granted. Fed. R. Civ. P. 15(a)(1)(B). In view thereof, we have considered opposer's motion to dismiss based on the amended pleading. However, the determination of the viability

---

[2] Registered July 10, 2007, from application Serial No. 76495676, filed February 24, 2003, based on the allegations of a bona fide intent to use the mark in commerce under Trademark Act §1(b). Opposer is a successor in interest to the original applicant. Unless otherwise noted, any reference herein to opposer means opposer or any predecessor in interest.

2

of the counterclaim is the same with respect to both the original and amended counterclaim.[3]

To withstand the motion to dismiss, applicant must demonstrate (1) its standing to challenge the continued presence on the register of the subject registration, and (2) a valid ground why the registrant is not entitled under law to maintain the registration. *See Order of Sons of Italy in Am. v. Profumi Fratelli Nostra AG,* 36 USPQ2d 1221, 1222 (TTAB 1995). A valid ground for denying registration that must be alleged, and ultimately proved, must be a statutory ground which negates the right to the subject registration. *See Lipton Indus., Inc. v. Ralston Purina Co.,* 670 F.2d 1024, 213 USPQ 185, 190 (CCPA 1982). Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate only if "it appears to a certainty that [applicant] is entitled to no relief under *any* state of facts which could be proved in support of the claim." *Stanspec Co. v. Am. Chain & Cable Co., Inc.,* 531 F.2d 563, 189 USPQ 420, 422 (CCPA 1976) (emphasis in original).

First, applicant seeks cancellation of Registration No. 3261431, setting forth the following allegations:

20.  As originally filed, unsupported by an intent-to-use declaration, the drawing page of the '676 Application showed the following drawing:



---

[3] We note opposer's withdrawal of its motion for an extension of time to file supplemental papers in support of its opposition to applicant's cross-motion to amend the counterclaim.

21. On March 21, 2003, after the filing of the '676 Application, and without a supporting declaration, the drawing page thereof was amended so that the drawing of the mark appears as follows:





A Declaration supporting the '676 Application was not filed until February 5, 2004.

30. The '676 Application (which issued as the '431 Registration) was incomplete, because a Declaration was never submitted to the USPTO supporting the Application as filed, rendering the '676 Application and resulting '431 Registration void *ab initio*.

31. The mark shown in the amended drawing page of the '676 Application is materially different from the mark shown in the original drawing page of the '676 Application.

32. Rosaline [Developments Limited, the original applicant,] did not have on the application filing date a *bona fide* intent to use the mark of the '676 Application as originally filed, rendering the '676 Application and resulting '431 Registration void *ab initio.*

An application for registration of a trademark must be supported by "a verified statement, in such form as may be prescribed by the Director." Trademark Act §1(b)(1). Under 37 C.F.R. §2.21, the USPTO will grant a filing date to an application filed under Trademark Act §1 or §44, even if the application is unsigned. *See also* TMEP §202 (6th ed. rev. 2009). In such applications, a signed verification is not required for receipt of an application filing date under 37

C.F.R. §2.21(a), and if the initial application does not include a proper verified statement, the examining attorney must require the applicant to submit one that relates back to the original filing date. *See* 37 C.F.R. §2.33; TMEP §804 (6th ed. rev. 2009).

To the extent that applicant seeks to assert a counterclaim based on the allegations that the underlying application was incomplete, and thus void *ab initio*, opposer's submission of an unsigned application does not form a statutory ground for cancellation. Moreover, opposer complied with the applicable statutory requirement by providing, in response to the first Office action, a verified statement that it had a bona fide intent to use the mark in commerce as of the application filing date, which statement was noted and accepted in the examining attorney's second Office action. The determination of opposer's compliance with the signature requirement was an ex parte examination issue addressed during prosecution. This issue, as with similar ex parte examination matters, does not form a basis for cancellation. *Cf. Saint-Gobain Abrasives Inc. v. Unova Indus. Automation Syst. Inc.,* 66 USPQ2d 1355, 1359 (TTAB 2003) (fairness dictates that the ex parte question of the sufficiency of the description of the mark not be a ground for opposition or cancellation); *Phonak Holding AG v. ReSound GmbH,* 56 USPQ2d 1057, 1059 (TTAB 2000) (failure to enforce requirement of filing of foreign registration is examination error and not a ground for counterclaim for

cancellation); *Marshall Field & Co. v. Mrs. Fields Cookies,* 11 USPQ2d 1355, 1358 (TTAB 1989) (the insufficiency of the specimens, per se, does not constitute grounds for cancellation); *Century 21 Real Estate Corp. v. Century Life of Am.,* 10 USPQ2d 2034, 2035 (TTAB 1989) (the adequacy of specimens is solely a matter of ex parte examination).

To the extent that applicant seeks to assert a counterclaim based on the allegations that opposer's predecessor did not have a bona fide intent to use the mark as originally filed, or as amended, because such predecessor submitted a pre-examination amendment to the drawing between the filing of the original application and the filing of its declaration attesting to its bona fide intent to use the mark as of the application filing date, applicant's claim lacks a statutory basis. The submission of an amended drawing during examination is an amendment that need not be verified by a declaration under 37 C.F.R. §2.20, or otherwise, and such a submission does not, in itself, raise the issue of opposer's previous or continued bona fide intent to use the mark. Similarly, to the extent that applicant alleges that opposer lacked a bona fide intent to use either the original or the amended mark, based on applicant's assertion that the amended mark was a material alteration, such an allegation does not form a statutory ground for cancellation. An examining attorney's acceptance of an amended drawing is an ex parte decision which necessarily involves a determination of whether the modified

mark contains what is the essence of the original mark, and whether it creates essentially the same commercial impression.[4] *See* 37 C.F.R. §2.72; TMEP §807.14 (6th ed. rev. 2009). In summary, opposer's filing of an amended drawing did not invalidate or otherwise affect its statutory allegation of a bona fide intent to use either the original or the amended mark as of the application filing date.

Furthermore, had the examining attorney refused the amendment as a material alteration under 37 C.F.R. §2.72, opposer would have been entitled to maintain its filing date with respect to the original drawing, or appeal (or petition for review) the examining attorney's refusal to accept the amendment. At this point, cancellation of the resulting registration which is based on a finding of material alteration would, in effect, punish opposer for an alleged error[5] on the part of the examining attorney, without allowing opposer the remedies it would have had if the issue had been raised during examination. *See Century 21 Real Estate*, 10 USPQ2d at 2035.

We recognize that prosecution of a trademark application involves numerous regulatory requirements, and

---

[4] The facts in this case are distinct from those in *Century 21 Real Estate Corp.,* 10 USPQ2d at 2035*,* where the Board held that, while an examining attorney's ex parte determination of the sufficiency of the specimens cannot form the basis of a claim, "(T)he failure to make service mark use (as opposed to a failure of the specimens to show such use) is a proper ground for opposition." In the case before us, the counterclaim allegations center on the examining attorney's ex parte determination of the acceptability of an amended drawing, and this drawing issue does not also form an underlying basis for a separate statutory ground that would have precluded registrability.

that whether an applicant has satisfied them often entails some degree of subjective judgment on the part of the examining attorney.  Considerations of due process, as well as fairness to parties against whom allegations of examination error are asserted, dictate that such matters be solely a matter for ex parte determination, and not grounds for opposition or cancellation.  *Saint-Gobain Abrasives,* 66 USPQ2d at 1359 ("It would be manifestly unfair to penalize defendant for noncompliance with a requirement that was never made by the Examining Attorney."), citing *Marshall Field & Co.*, 11 USPQ2d 1355.

Accordingly, applicant cannot predicate its asserted counterclaim on opposer's failure to submit a signed declaration with its application on the filing date, the filing thereafter of a substitute declaration, or the filing of its amendment to the original drawing.  Because Paragraphs 20, 21, 30 and 31 of the amended counterclaim fail to set forth facts which, if proved, would establish a valid ground for cancellation of opposer's Registration No. 3261431, opposer's motion to dismiss the counterclaim is <u>granted</u> with respect to the allegations therein.  Paragraphs 20, 21, 30 and 31 of the amended counterclaim for cancellation are stricken.[6]

---

[5] To be clear, we do not hold (or imply) that the examining attorney's action here was indeed error.
[6] Our finding, that the allegations in the amended counterclaim do not set forth a basis for a claim that opposer lacked a bona fide intent to use the mark in commerce, does not preclude applicant from amending its counterclaim, as appropriate and if warranted by the facts, to include allegations that sufficiently set forth a claim that opposer lacked a bona fide intent to use its mark, <u>separate and apart from the declaration and drawing</u>

Second, applicant seeks cancellation of Registration No. 3261431 on the ground that the underlying Trademark Act §1(b) application was allegedly twice invalidly assigned under Trademark Act §10, prior to the filing of the statement of use under Trademark Act §1051(d).  Specifically, applicant alleges that prior to the filing of its statement of use, opposer assigned the mark and application (*nunc pro tunc)* from the original applicant Rosaline to BBD Design and Patent Management BV ("BBD"), and then from BBD to Flash & Partners (opposer). Applicant alleges that these transfers were in violation of §10 because neither Rosaline nor BBD were engaged in or transferred an ongoing and existing business under the mark on the execution date or the *nunc pro tunc* effective date of the respective assignments.

Under Trademark Act §10, an application filed under §1(b) may not be assigned before filing an allegation of use (i.e., either an amendment to allege use or statement of use), except to the successor to the applicant's business, or portion of the business to which the mark pertains, if that business is ongoing and existing.  15 U.S.C. §1060(a)(1); 37 C.F.R. §3.16; Trademark Manual of Examining Procedure (TMEP) §501.01(a) (6th ed. 2009).  The assignment of a §1(b) application to an entity that is not the successor to the applicant's business, before filing an allegation of use, renders the application and any resulting registration void.  *See The Clorox Co. v. Chem. Bank*, 40 USPQ2d 1098 (TTAB 1996).

_____

issues.  *See, e.g., Fiat Group Autos. S.p.A. v. ISM Inc.*, 94

Paragraphs 22 through 29, and 33 through 40 of applicant's amended counterclaim include allegations which sufficiently set forth a claim that the assignments in question violated the provisions of Trademark Act §10, and state a valid ground for cancellation of opposer's Registration No. 3261431.  In view thereof, opposer's motion to dismiss the counterclaim is <u>denied</u> with respect to the allegations therein.

<u>Schedule</u>

Opposer's time to answer applicant's amended counterclaim, and subsequent conferencing, discovery and trial dates, are reset as follows:

| | |
|---|---|
| Answer to Counterclaim Due | August 27, 2010 |
| Deadline for Discovery Conference | September 26, 2010 |
| Discovery Opens | September 26, 2010 |
| Initial Disclosures Due | October 26, 2010 |
| Expert Disclosures Due | February 23, 2011 |
| Discovery Closes | March 25, 2011 |
| Plaintiff's Pretrial Disclosures | May 9, 2011 |
| 30-day testimony period for plaintiff's testimony to close | June 23, 2011 |
| Defendant/Counterclaim Plaintiff's Pretrial Disclosures | July 8, 2011 |
| 30-day testimony period for defendant and plaintiff in the counterclaim to close | August 22, 2011 |
| Counterclaim Defendant's and Plaintiff's Rebuttal Disclosures Due | September 6, 2011 |
| 30-day testimony period for defendant in the counterclaim and rebuttal testimony for plaintiff to close | October 21, 2011 |
| Counterclaim Plaintiff's Rebuttal Disclosures Due | November 5, 2011 |

---

USPQ2d 1111, 1115-16 (TTAB 2010).

| | |
|---|---|
| 15-day rebuttal period for plaintiff in the counterclaim to close | December 5, 2011 |
| Brief for plaintiff due | February 3, 2012 |
| Brief for defendant and plaintiff in the counterclaim due | March 4, 2012 |
| Brief for defendant in the counterclaim and reply brief, if any, for plaintiff due | April 3, 2012 |
| Reply brief, if any, for plaintiff in the counterclaim due | April 18, 2012 |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.