THIS OPINION IS A
PRECEDENT OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

Faint

Mailed:  August 1, 2011

Cancellation No. 92052146

Corporacion Habanos, S.A. and
Empresa Cubana del Tabaco,
d.b.a. Cubatabaco

v.

Juan E. Rodriguez

**Before Quinn, Ritchie and Wolfson,
Administrative Trademark Judges.**

**By the Board:**

Petitioners seek to cancel the mark PINAR DEL RÍO for cigars in Class 34 on the Supplemental Register,[1] on the grounds that the mark is 1) deceptive under Trademark Act § 2(a); 2) primarily geographically deceptively misdescriptive under Trademark Act § 2(e)(3); 3) an indication of geographical origin or source under Articles 23-28 of the General Inter-American Convention for Trade Mark and Commercial Protection (the Pan-American Convention of 1929), but the goods identified in the registration do not come from that place and, thus, the mark should be cancelled pursuant to Trademark Act Sections

---

[1] Registration No. 3542236, registered December 2, 2008, claiming dates of use and first use in commerce of July 2008.  A translation of "pinar del río" as "pine of the river" is of record.

44(b) and (h); and 4) fraud.  The petition to cancel indicates that petitioners are Cuban corporations.

**Motion to Dismiss**

This case now comes up on respondent's motion to dismiss, filed June 15, 2010 in lieu of an answer, under Fed. R. Civ. P. 12(b)(1) & (6), on the basis of that petitioners lack standing. The motion is fully briefed.[2]

In order to withstand a motion to dismiss, petitioner need only allege such facts which, if proved, would establish that petitioner is entitled to the relief sought; that is, (1) petitioner has standing to bring the proceeding, and (2) a valid statutory ground exists for cancelling the registration.  *Fair Indigo LLC v. Style Conscience*, 85 USPQ2d 1536, 1538 (TTAB 2007).

Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

---

[2] The basis for respondent's 12(b)(1) assertion is unclear.  In its motion, respondent moved the Board for judgment in its favor pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), "based upon the pleadings in this case."  Clearly the Board has jurisdiction to entertain petitions to cancel trademark registrations.  To the extent respondent is challenging whether petitioner's specific license authorizes the filing of the petition for cancellation, such challenge can be remedied by a review of the amended specific license filed with petitioner's response to the motion. While the Board generally may not consider matters outside the pleadings on a motion to dismiss for failure to state a claim, it may consider such materials on a motion to dismiss for lack of subject matter jurisdiction without converting the motion to one for summary judgment.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); see also 5B Wright & Miller, Fed. Prac. & Proc. § 1350 (3d ed. WESTLAW update 2011).  The Board has reviewed both the original and amended specific licenses and finds that OFAC issued specific licenses for petitioner to pursue this proceeding.

that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of cancellation proceedings before the Board, a claim is plausible on its face when the petitioner pleads factual content that if proved, would allow the Board to conclude, or draw a reasonable inference that, the petitioner has standing and that a valid ground for cancellation exists. *Cf. Twombly*, 550 U.S. at 556. In particular, a petitioner need only allege enough factual matter to suggest its claim is plausible and "raise a right to relief above the speculative level." *Id.* at 555-56.

In our assessment of respondent's motion to dismiss, we must accept as true all of the petitioner's well-pleaded allegations, and we must construe the complaint in the light most favorable to the petitioner. *See Advanced Cardiovascular Sys. Inc. v. SciMed Life Sys. Inc.*, 988 F.2d 1157, 26 USPQ2d 1038, 1041 (Fed. Cir. 1993); *McDermott v. San Francisco Women's Motorcycle Contingent*, 81 USPQ2d 1212 (TTAB 2006), *aff'd,* unpublished No. 07-110 (Fed. Cir. July 11, 2007). Additionally, under the simplified notice pleading rules of the Federal Rules of Civil Procedure, the allegations of a complaint should be "construed so as to do justice." Fed. R. Civ. P. 8(e); *Scotch Whisky Ass'n v.*

*United States Distilled Products Co.,* 952 F.2d 1317, 1319, 21 USPQ2d 1145, 1147 (Fed. Cir. 1991).

When determining the sufficiency of a petitioner's pleading of standing, the Board must decide whether the petition for cancellation alleges sufficient facts to show petitioner has a real interest in the outcome of the proceeding. *See Ritchie v. Simpson*, 170 F.3d 1092, 50 USPQ2d 1023, 1025 (Fed. Cir. 1999); and *Jewelers Vigilance Committee, Inc. v. Ullenberg Corp.,* 823 F.2d 490, 2 USPQ2d 2021, 2023 (Fed. Cir. 1987) (in pleading stage of proceeding plaintiff must plead facts sufficient to show a real interest in proceedings).

By the petition to cancel, petitioners allege that petitioner Corporacion Habanos, S.A. (hereinafter "Habanos") is a corporation organized under the laws of the Republic of Cuba, engaged in worldwide trade of Cuban cigars, while petitioner Empresa Cubana del Tabaco, d.b.a Cubatabaco (hereinafter "Cubatabaco") is a state corporation established by Law No. 1191 of the Republic of Cuba and owner of the "Denomination of Origin" PINAR DEL RIO in Cuba, as registered in 2003 in accordance with the 1958 Lisbon Agreement for the Protection of Appellations of Origin and their International Registration, as revised and amended. Petitioners allege that PINAR DEL RIO is an Appellation of Origin for raw or manufactured tobacco and goods made thereof in the area of Pinar del Rio Province, Cuba.

Attached to the petition for cancellation is Amended

License No. CU-78926-a, issued by the Office of Foreign Assets

Control ("OFAC") division of the United States Department of

the Treasury, authorizing petitioners:

> to file and prosecute a cancellation petition in
> the Trademark Trial and Appeal Board of the United
> States Patent and Trademark Office to an
> application to register the trademarks 'PINAR DEL
> RIO' and 'PINAR' for cigars filed by Juan E.
> Rodriguez, … Reg. No. 3542236… and to pay all
> necessary filing and other fees in connection
> therewith.[3]

Apparently in response to the motion to dismiss,

petitioners sought clarification from OFAC regarding the

amended license, and OFAC issued a second amended license,

License No. CU-78926-b, issued June 23, 2010, clarifying that

petitioners were authorized:

> to file and prosecute a cancellation petition in
> the Trademark Trial and Appeal Board of the United
> States Patent and Trademark Office to the
> registration "PINAR DEL RIO" for cigars filed by
> or registered to Juan E. Rodriguez, Gretna,
> Louisiana, Reg. No. 3542236….

---

[3] The Cuban Assets Control Regulations ("C.A.C.R."), 31 C.F.R. part 515 et seq., which implement the United States trade embargo against Cuba, generally prohibit transactions in the United States involving property, including trademarks, in which Cuba or a Cuban National has an interest, unless licensed or exempt. 31 C.F.R. §§ 515.201, 515.311. A general license authorizes transactions related to the registration and renewal of trademarks in which Cuba or a Cuban national has an interest. 31 C.F.R. § 515.527. Transactions by or on behalf of Cuba or Cuban nationals that are not authorized by the general license, such as a cancellation petition on the grounds that a trademark is geographically deceptively misdescriptive, must be authorized by a specific license issued by the United States Department of the Treasury's Office of Foreign Assets Control (OFAC). 31 C.F.R. § 515.201.

Essentially, respondent argues that petitioners can have standing to cancel respondent's registration only if this cancellation is related to an effort by petitioners to have the USPTO accept an application filed by petitioners to register a similar competing mark. Respondent relies on the district court's decision in *Empresa Cubana del Tabaco v. Culbro Corp.*, 478 F.Supp.2d 513 (S.D.N.Y. 2007), for the proposition that C.A.C.R. Section 515.527 authorizes a Cuban national to bring a cancellation action against a mark only when the cancellation "relates to the protection of a trademark in which Cuba or a Cuban national general license[e] has an interest." *Id.* at 521. At issue in the *Culbro* line of cases was whether acquiring a priority right under Trademark Act Section 43(a), through advertising in the United States, where the goods were available for purchase only outside the United States, amounted to the acquisition of a property interest under Trademark Act Section 43(a), and thus a transfer of property to the Cuban plaintiffs which had to be specifically licensed.[4] In the case at hand, there is no requirement for petitioner to establish a property interest as that is not an element required for

---

[4] Also at issue in *Culbro* was Article III standing, a constitutional requirement for federal courts. Clearly the Board is not an Article III court and does not need to find Article III standing.

standing under Sections 2(a) or 2(e)(3).[5]  Moreover, petitioners have a specific license to seek cancellation of respondent's registration.

Respondent also argues that petitioners' reliance on the Board's previous decisions in *Corporacion Habanos S.A. v. Anncas, Inc.*, 88 USPQ2d 1785 (TTAB 2008), and *Corporacion Habanos, S.A. v. Guantanamera Cigars Co.*, 86 USPQ2d 1473 (TTAB 2006), is misplaced because in those cases petitioners pled ownership of competing trademark registrations to establish standing.  The Board agrees to the extent that those were likelihood of confusion cases, and a plaintiff in a likelihood of confusion case generally must claim some proprietary right *in the mark*.  But in cases brought under Trademark Act Sections 2(a) or 2(e), standing has been found where there is no ownership of a trademark registration.  *Nobelle.Com, LLC v. Qwest Communications Int'l, Inc.*, 66 USPQ2d 1300, 1304 (TTAB 2003) (standing to assert descriptiveness or abandonment requires only that plaintiff has right to use term descriptively in its business); and *Federal Glass Co. v. Corning Glass Works*, 162 USPQ 279, 282-83 (TTAB 1969)(same).

---

[5] Respondent further relies in its reply brief upon the Board's non-precedential decision in *Havana Club Holding, S.A. v. Jimmy Buffet*, Opp. No. 91116754 (TTAB Mar. 13, 2003).  Although parties are not prohibited from citing non-precedential cases, the Board does not encourage this practice.  *See* TBMP § 801.03 (3d ed. 2011).  Therefore, we mention this case only to say that the facts of the present case make that case inapposite.  Moreover, petitioner's claims are not based on any ownership claim to a confiscated mark.  *See Corporacion Habanos, S.A. v. Anncas Inc.*, 88 USPQ2d 1785, 1789-90 (TTAB 2008).

Petitioners allege in their response that, "the basis upon which [petitioners] seek cancellation of the PINAR DEL RÍO registration — Section 2(a), … and (e)(3) of the Lanham Act,[6] Articles 23-28 of the General Inter-American Convention for Trade Mark and Commercial Protection, and material misrepresentation to the PTO — …was neither related to the registration by [petitioners] of PINAR DEL RÍO or any other trademark in the PTO, nor related to the protection of a trademark in which Cuba or a Cuban national has an interest."[7]

A petitioner's standing may be rooted in enforceable rights despite the existence of the strictures of the Cuban embargo and the relevant regulations surrounding its implementation. Petitioners allege in the pleadings that they are,

> engaged, *inter alia*, in the trade, marketing, and advertising of Cuban cigars throughout the world, including in Cuba, and the export of Cuban cigars throughout the world (with the exception of the United States due to the United States trade embargo). Petitioners emphasize that their cigars are made in Cuba from 100% Cuban-origin [sic] tobacco in promotions, marketing and advertising, *including in advertisements in publications in the United States*.

(emphasis added).[8]

---

[6] Petitioners also state in their opposing brief that Trademark Act § 2(e)(1) provides a ground for cancellation, but petitioner has not alleged a § 2(e)(1) ground in the petition for cancellation. In any event, since the involved designation is registered on the Supplemental Register, mere descriptiveness is not a ground for relief.

[7] Pet.'s resp. brief filed June 24, 2010 at 10.

[8] Pet. for canc. at ¶ 7.

Petitioners also allege that PINAR DEL RÍO is an appellation of origin for Cuban cigars owned by Cubatabaco in Cuba, and that they will be damaged by the registration of the PINAR DEL RÍO designation upon the Supplemental Register for use on cigars of non-Cuban origin. These allegations adequately allege petitioners' real interest and reasonable basis for belief in damage by virtue of United States consumer deception, as promoters or manufacturers of cigars labeled with the same indication of geographic origin. Thus, petitioners have alleged a real interest for standing, allowing them to petition to cancel respondent's registration. *See Consorzio del Prosciutto di Parma v. Parma Sausage Products, Inc.*, 23 USPQ2d 1894, 1897 (TTAB 1992) (finding organization charged with certifying goods originating in geographic region and protecting certification marks had standing to assert Section 2(a) claims); *see also Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 729 F.Supp.2d 246, 252 (D.D.C. 2010)(finding standing requirements satisfied before TTAB even where opposer did not own mark in United States).

Moreover, where, as here, the pleaded ground is that the mark sought to be cancelled is deceptive under Section 2(a), or primarily geographically deceptively misdescriptive under Section 2(e)(3), petitioners do not need to own a pending application for the mark, do not have to be using the term as a mark, or even use the term at all, in order to establish their

9

standing. *See, e.g., Eastman Kodak Co. v. Bell & Howell Document Management Products Co.*, 23 USPQ2d 1878, 1879 (TTAB 1992), *aff'd* 994 F.2d 1569, 26 USPQ2d 1912 (Fed. Cir. 1993)(party challenging mark on descriptiveness grounds may establish standing by pleading and proving it is engaged in manufacture or sale of related products); *see also* 3 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 20:11 (4th ed. WESTLAW update 2011) (competitor presumptively has standing).

Turning next to the grounds, we find that petitioners have adequately pleaded that respondent's mark is primarily geographically deceptively misdescriptive. The elements of a Section 2(e)(3) claim are as follows: (1) the primary significance of the mark is a generally known geographic location; (2) the consuming public is likely to believe the place identified by the mark indicates the origin of the goods bearing the mark (i.e., that a goods/place association exists), when in fact the goods do not come from that place; and (3) the misrepresentation would be a material factor in the consumer's decision to purchase the goods. *In re California Innovations, Inc.*, 329 F.3d 1334, 1341, 66 USPQ2d 1853, 1858 (Fed. Cir. 2003).[9] Petitioners allege in their petition that PINAR DEL

---

[9] We note that the "PTO will usually address geographically deceptive marks under subsection 2(e)(3) of the amended Lanham Act rather than subsection 2(a)." *In re California Innovations Inc.*, 329 F.3d 1334, 66 USPQ2d 1853, 1856-57 (Fed. Cir. 2003*); see also Corporacion Habanos S.A. v. Anncas, Inc.*, 88 USPQ2d

RÍO is a renowned tobacco-growing region of Cuba, that the cigar-consuming public is likely to believe that the place identified by respondent's mark indicates the geographic origin of the tobacco used in the goods, and that this belief would be a material factor in a cigar consumer's purchasing decision. The petition, thus, states a sufficient ground for petitioners to file their petition to cancel. Of course, petitioners will be left to proof of the ground at trial.

Petitioners obtained an OFAC specific license to bring this cancellation proceeding, which is a jurisdictional requirement, rather than an element of either standing or grounds for cancellation. *See, e.g. Cubaexport v. United States Department of Treasury*, 516 F.Supp.2d 43, 48 (D.D.C. 2007) (OFAC license required to authorize transactions relating to Cuban trademarks).

Because we have determined that the petition for cancellation is plausible on its face, in regard to the pleading of petitioners' standing and at least the claim based on Section 2(e)(3) of the Trademark Act, the motion to dismiss is denied. However, because petitioners have alleged standing as to at least one properly pleaded ground, they may assert any other legally sufficient ground as well, including the claims based on Section 2(a), the Pan American Convention and fraud.

_____

1785, 1790 (TTAB 2008) (considering only Lanham Act § 2(e)(3) ground and not § 2(a) ground). We leave for another day the

*See Petróleos Mexicanos v. Intermix S.A.*, 97 USPQ2d 1403, 1405 (TTAB 2010).

**Summary**

In summary, applicant's motion to dismiss the petition to cancel for lack of standing is denied.  Petitioners have alleged standing to survive a motion to dismiss, although proof of petitioner's standing is left to trial.

**Dates Reset**

Dates are reset as set out below.

| | |
|---|---|
| Time to Answer | **9/17/2011** |
| Deadline for Discovery Conference | **10/17/2011** |
| Discovery Opens | **10/17/2011** |
| Initial Disclosures Due | **11/16/2011** |
| Expert Disclosures Due | **3/15/2012** |
| Discovery Closes | **4/14/2012** |
| Plaintiff's Pretrial Disclosures | **5/29/2012** |
| Plaintiff's 30-day Trial Period Ends | **7/13/2012** |
| Defendant's Pretrial Disclosures | **7/28/2012** |
| Defendant's 30-day Trial Period Ends | **9/11/2012** |
| Plaintiff's Rebuttal Disclosures | **9/26/2012** |
| Plaintiff's 15-day Rebuttal Period Ends | **10/26/2012** |

In each instance, a copy of the transcript of testimony together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rules 2.l28(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.

---

question of whether it is appropriate in this case to consider petitioner's § 2(a) claim.

***

13

***