This decision is a precedent of the TTAB.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

Baxley

February 16, 2021

Opposition No. 91252682

*The Scotch Whisky Association Ltd.*

*v.*

*ASW Distillery, LLC*

Before Cataldo, Shaw and Dunn,
Administrative Trademark Judges.

By the Board:

This case now comes up for consideration of Applicant's request for reconsideration (9 TTABVUE) of the Board's July 29, 2020 order (8 TTABVUE) denying Applicant's motion to dismiss the notice of opposition under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted. Opposer filed a brief in opposition (10 TTABVUE).

## Background

Applicant seeks to register on the Principal Register the mark BURNS NIGHT in standard characters for "Malt whisky; Whiskey" in International Class 33.[1] Opposer filed a notice of opposition to registration of Applicant's mark. In the ESTTA cover

---

[1] Application Serial No. 88427906, filed May 13, 2019, based on an assertion of use in commerce under Trademark Act Section 1(a), 15 U.S.C. § 1051(a), and alleging March 2019 as the date of first use anywhere and of first use in commerce.

form, Opposer indicated that it intended to allege claims that Applicant's mark is: (1) primarily geographically deceptively misdescriptive under Trademark Act Section 2(e)(3), 15 U.S.C. § 1052(e)(3); and (2) a geographical indication which, if used on or in connection with wine or spirits, identifies a place other than the origin of the goods under Trademark Act Section 2(a), 15 U.S.C. § 1052(a).[2] In the Board's July 29, 2020 order, we determined, among other things, that, at a minimum, Opposer has pleaded a sufficient factual basis for claims under the more general deceptiveness provision of Section 2(a) and under Section 2(e)(3) (8 TTABVUE 5).

In the request for reconsideration, Applicant contends that, in view of the January 1, 1996 enactment of the deceptiveness provision of Section 2(a) that specifically pertains to wines and spirits, the more general provision of Section 2(a) is no longer applicable to wines and spirits; that allowing Opposer to bring a claim under the more general provision of Section 2(a), without ruling on whether Opposer's allegations constitute a plausible claim under the wines and spirits provision of Section 2(a), renders unclear the standards under which the claims will be tested; and that the

---

[2] Trademark Act Section 2, 15 U.S.C. § 1052, provides in relevant part:
> No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—
> (a) Consists of or comprises … **deceptive** … matter; … or **a geographical indication which, when used on or in connection with wines or spirits, <u>identifies a place</u> other than the origin of the goods and is first used on or in connection with wines or spirits** by the applicant on or after [January 1, 1996].
> …
> (e) Consists of a mark which, … (3) when used on or in connection with the goods of the applicant is primarily geographically deceptively misdescriptive of them….

(emphasis added).

notice of opposition fails to state a claim that the primary significance of the mark is geographic "when Opposer asserts in the Notice that it is not." 9 TTABVUE 5.

In opposition, Opposer contends that Applicant cited no authority for its assertion that the wines and spirits provision of Section 2(a) rendered the more general provision of Section 2(a) inapplicable to wines and spirits; that the pleading standards under the wines and spirits and more general deceptiveness provisions of Section 2(a) are essentially the same; and that "Opposer properly pleaded its claims that the trademark BURNS NIGHT, when used in connection with whisky other than Scotch Whisky, is geographically deceptive and misdescriptive." 10 TTABVUE 4.

## Standard for Rule 2.127(b) motion

The premise underlying a motion for reconsideration, modification or clarification under Trademark Rule 2.127(b), 37 C.F.R. § 2.127(b), is that, based on the facts before it and the prevailing authorities, the Board erred in reaching the order or decision it issued. Such a motion may not be used to introduce additional evidence, nor should it be devoted simply to a reargument of the points presented in a brief on the original motion. Rather, the motion should be limited to a demonstration that based on the facts before it and the applicable law, the Board's ruling is in error and requires appropriate change. *See* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE § 518 (2020).

## Discussion

Applicant's assertion that the Board erred in allowing Opposer's claim under the more general deceptiveness provision of Section 2(a) is unpersuasive. First, we note

that the plain language of the general deceptiveness provision does not exclude wines and spirits, and that provision previously has been held to apply to spirits. A mark may be refused registration under Trademark Act Section 2(a), where it "[c]onsists of or comprises … deceptive matter." A term is deceptive where (1) it misdescribes the character, quality, function, composition or use of the goods, (2) prospective purchasers are likely to believe the misdescription, and (3) the misdescription is likely to affect a significant portion of the relevant consumers' decision to purchase. *See In re Spirits Int'l, N.V.*, 563 F.3d 1347, 90 USPQ2d 1489 (Fed. Cir. 2009). Terms that are not specifically place names, but which may have "geographical association," may provide bases for claims under the general deceptiveness provision of Section 2(a). *Scotch Whiskey Ass'n v. U.S. Distilled Prods. Co.*, 952 F.2d 1317, 21 USPQ2d 1145, 1146-7 (Fed. Cir. 1991) (Section 2(a) deceptiveness claim based in part on allegation that the mark "MCADAMS for whisky not produced in Scotland deceptively connotes and signifies that the product sold under said mark has a place of produce and geographic origin in Scotland" found to be legally sufficient, notwithstanding that plaintiff did not allege that the mark is primarily recognized as a geographical term in and of itself). Applicant has failed to persuade the Board that it erred in its determination that Opposer has pleaded a sufficient factual basis for claims under the general deceptiveness provision of Section 2(a).

Although Applicant argues that the post-*Scotch Whisky Association* amendment of Section 2(a) made the general deceptiveness provision inapplicable to wines and spirits, that is not the case. The amendment added a provision allowing for refusal of

4

registration of a mark under Section 2(a) where it "[c]onsists of or comprises … a geographical indication which, when used on or in connection with wines or spirits, identifies a place other than the origin of the goods and is first used on or in connection with wines or spirits by the applicant on or after" January 1, 1996 ("the wines and spirits provision"). The wines and spirits provision of Section 2(a) was added by the Uruguay Round Agreements Act, implementing the Trade-Related Intellectual Property ("TRIPs") portions of the General Agreement on Tariffs and Trade ("GATT") through the Uruguay Round Agreements Act ("URAA"), Pub. L. No. 103-465, 108 Stat. 4809 (1994) to provide "**[a]dditional** [p]rotection" (emphasis added) for wines and spirits consistent with TRIPs Article 23.[3] URAA, Section 3, Article 23; TRIPs, Article 23. Congress did not state that the Section 2(a) wines and spirits provision eliminated or rendered inapplicable more general Section 2(a) deceptiveness claims with regard to wines and spirits. Further, the adoption of the wines and spirits provision did not overrule the *Scotch Whiskey Ass'n* decision.

Applicant's motion also asserts that the Board erroneously refused to dismiss Opposer's Section 2(e)(3) claim that the mark is primarily geographically deceptively misdescriptive. Specifically, Applicant argues that the Notice of Opposition is missing a required element: that the primary significance of the mark is a generally known geographic **location**. On reconsideration, we agree. *See In re Miracle Tuesday, LLC,*

---

[3] Article 23 includes the requirement that World Trade Organization members "provide the legal means for interested parties to prevent use of a geographical indication identifying … spirits not originating in the place indicated by the geographical indication in question, even where the true origin of the goods is indicated or the geographical indication is used in translation or accompanied by expressions such as 'kind,' 'type,' 'style,' 'imitation' or the like." *Id.*

695 F.3d 1339, 1343, 104 USPQ2d 1330, 1332 (Fed. Cir. 2012) (mark is primarily geographically deceptively misdescriptive under Section 2(e)(3) where: (1) the primary significance of the mark is a generally known geographic **location**, (2) the goods or services do not originate in the place identified in the mark, and (3) purchasers would be likely to believe that the goods or services originate in the geographic place identified in the mark, and the misrepresentation is a material factor in a significant portion of the relevant consumer's decision to buy the goods or use the services). Because Opposer has not alleged that the primary significance of the mark BURNS NIGHT is a generally known geographic location, Opposer has failed to allege a sufficient claim under Section 2(e)(3), and the request for reconsideration is granted with regard to that claim.

For a similar reason, Applicant argues that the Board erred in failing to dismiss Opposer's claim under the wines and spirits provision of Section 2(a). As mentioned above, the wines and spirits provision in Section 2(a) provides for refusal of any mark that "[c]onsists of or comprises … a **geographical indication** which, when used on or in connection with wines or spirits, **identifies a place** other than the origin of the goods …." (emphasis added).

The Notice of Opposition alleges only that the involved mark BURNS NIGHT "is highly evocative of Scotland when used on a whisky product" because the mark refers to celebration of Scottish poet Robert Burns' birthday (1 TTABVUE 5, paragraph 7). While Opposer, in the ESTTA cover form of the notice of opposition, alleges that the mark is a "[g]eographic indication which, if used on or in connection with wine or

spirits, identifies a place other than the origin of the goods" (1 TTABVUE 1), the mere general mention of a claim in the ESTTA cover form for a complaint is insufficient to plead that claim. *See Embarcadero Techs. Inc. v. RStudio Inc.*, 105 USPQ2d 1825, 1827 n.2 (TTAB 2013). Therefore, Opposer did not allege facts which, if proven, would establish that Applicant's mark identifies a place -- that is, a place name, abbreviation, nickname, symbol, or outline or map of a geographic area -- other than the origin of the goods at issue.[4] *See* TMEP § 1210.08(a). Opposer therefore failed to state a claim under the wines and spirits provision of Trademark Act Section 2(a).

Conclusion

Based on the foregoing, Applicant's request for reconsideration is granted to the extent that we expressly find that Opposer has failed to state a claim under the wines and spirits provision of Trademark Act Section 2(a) and under Trademark Act Section 2(e)(3);[5] the request is otherwise denied. In keeping with Board practice, Opposer is allowed until twenty days from the date of this order to file an amended notice of opposition in accordance with the foregoing. *See* TBMP § 503.03 and cases cited therein. If Opposer does not file an amended notice of opposition, the original notice

---

[4] Registrations are refused or cancelled under the wines and spirits provision of Section 2(a), where (1) the primary significance of the relevant term or design is geographic, e.g., a place name, abbreviation, nickname, symbol, or an outline or map of a geographic area, (2) purchasers would be likely to think that the goods originate in the geographic place identified in the mark, (3) the goods do not originate in the place identified in the mark, (4) a purchaser's erroneous belief as to the geographic origin of the goods would materially affect the decision to purchase the goods, and (5) the mark was first used in commerce by the applicant on or after January 1, 1996. TRADEMARK MANUAL OF EXAMINING PROCEDURE ("TMEP") § 1210.08(a) (October 2018).

[5] As discussed above, Opposer has pleaded a sufficient factual basis for claims under the general deceptiveness provision of Section 2(a).

of opposition will remain the operative complaint here, and this case will go forward under the general deceptiveness provision of Section 2(a) only.

Proceedings are resumed. Dates are reset as follows.

| | |
|---|---|
| Time to Answer | 3/29/2021 |
| Deadline for Discovery Conference | 4/28/2021 |
| Discovery Opens | 4/28/2021 |
| Initial Disclosures Due | 5/28/2021 |
| Expert Disclosures Due | 9/25/2021 |
| Discovery Closes | 10/25/2021 |
| Plaintiff's Pretrial Disclosures Due | 12/9/2021 |
| Plaintiff's 30-day Trial Period Ends | 1/23/2022 |
| Defendant's Pretrial Disclosures Due | 2/7/2022 |
| Defendant's 30-day Trial Period Ends | 3/24/2022 |
| Plaintiff's Rebuttal Disclosures Due | 4/8/2022 |
| Plaintiff's 15-day Rebuttal Period Ends | 5/8/2022 |
| Plaintiff's Opening Brief Due | 7/7/2022 |
| Defendant's Brief Due | 8/6/2022 |
| Plaintiff's Reply Brief Due | 8/21/2022 |
| Request for Oral Hearing (optional) Due | 8/31/2022 |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be

submitted in accordance with Trademark Rules 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).