ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of - | ) |
| | ) |
| David Boland, Inc. | ) ASBCA Nos. 63007, 63008 |
| | ) |
| Under Contract No. W91278-16-D-0013 | ) |
| Task Order No. W912QR-18-F-0567 | ) |

APPEARANCES FOR THE APPELLANT:      Denis L. Durkin, Esq.
                                                                       Baker & Hostetler LLP
                                                                       Orlando, FL

                                                                    W. Barron A. Avery, Esq.
                                                                    Brian V. Johnson, Esq.
                                                                       Baker & Hostetler LLP
                                                                       Washington, DC

APPEARANCES FOR THE GOVERNMENT:      Michael P. Goodman, Esq.
                                                                            Engineer Chief Trial Attorney
                                                                          David C. Brasfield, Jr., Esq.
                                                                          Kristine M. Knodel, Esq.
                                                                            Engineer Trial Attorneys
                                                                            U.S. Army Engineer District, Mobile

OPINION BY ADMINISTRATIVE JUDGE SWEET
ON APPELLANT'S MOTION FOR RECONSIDERATION

On December 14, 2022, appellant David Boland, Inc. (Boland) moved for reconsideration of our November 14, 2022, decision in *David Boland, Inc.*, ASBCA Nos. 63007, 63008, 23-1 BCA ¶ 38,242 (Decision), which denied Boland's motions for summary judgment, and granted the government's cross-motions for summary judgment. Motions for reconsideration are only appropriate if they are based upon newly discovered evidence, mistakes in the findings of fact, or errors of law. *Green Valley Co.,* ASBCA No. 61275, 18-1 BCA ¶ 37,044 at 180,330. "Motions for reconsideration do not afford litigants the opportunity to take a 'second bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding." *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014) (citations and quotations omitted).

The gist of our earlier opinion was that the task order at issue, which required Boland to provide trailers for use by military personnel while their offices were being repaired and expanded, also required the provision of appropriate telecommunications for those trailers, despite the fact that the government had initially, erroneously approved

Boland's plans which did not include the provision of such telecommunications. Here, Boland argues that we should reconsider the Decision because we improperly dismissed Boland's claims regarding the Base Defense Operations Center (BDOC), and Counts III (Unabsorbed Overhead) and IV (Breach of Contract—Compensable Delay) of ASBCA Nos. 63007 and 63008. As discussed below, Boland fails to establish that reconsideration of the Decision's dismissal of Boland's BDOC claims is appropriate. However, the Decision made an error of law to the extent that it dismissed Counts III and IV of ASBCA Nos. 63007 and 63008 in their entirety because we had not read the allegations in those counts of Boland's complaints as expansively as we should have. Therefore, the motion for reconsideration is granted in part, and denied in part.

DISCUSSION

I.      BDOC Claims

Boland fails to establish that reconsideration of the Decision's dismissal of Boland's BDOC claims is appropriate. Boland first argues that the dismissal was inappropriate because a November 30, 2021, supplemental contracting officer final decision (COFD) admitted that the addition of a BDOC constituted a compensable change (app. mot.[1] at 4-5, ex. A). However, the supplemental COFD is not new evidence because it is dated November 30, 2021 (app. mot. at ex. A)—well before Boland moved for summary judgment on April 22, 2022. *Boland*, 23-1 BCA ¶ 38,242 at 185,696. Nor did the Decision make a mistake in its findings of fact or an error of law by not addressing whether the supplemental COFD admitted that the addition of a BDOC constituted a compensable change, *id.*, because Boland failed to even mention the supplemental COFD in its motions for summary judgment and responses to the government's cross-motions for summary judgment; let alone argue that the supplemental COFD admitted that the addition of a BDOC constituted a compensable change. (63007 app. msj at 26-28; 63008 app. msj at 29-32; *see generally* app. reply in support of msj). Therefore, arguing now that the supplement COFD admitted that the addition of a BDOC constituted a compensable change constitutes an improper attempt to take a second bite at the apple by advancing arguments that properly should have been—but were not—presented earlier. *Dixon*, 741 F.3d at 1378. In any event, we would not be bound by the COFD's findings. *Sand Point Services, LLC*, ASBCA Nos. 61819, 61820, 19-1 BCA ¶ 37,412 at 181,860 n.1.

---

[1] For ease of understanding, we cite to: (1) appellant's motion for reconsideration as "app. mot. at_"; (2) appellant's motion for summary judgment in ASBCA No. 63007 as "63007 app. msj at_"; (3) appellant's motion for summary judgment in ASBCA No. 63008 as "63008 app. msj at _"; and (4) appellant's reply in support of its motion for summary judgment and response to the government's cross-motion for summary judgment in ASBCA Nos. 63007 and 63008 as "app. reply in support of msj at _".

Second, Boland argues that the Decision erroneously found that Boland had failed to make any arguments about the BDOC separate from its telecommunications systems arguments, *Boland*, 23-1 BCA ¶ 38,242 at 185,896 n.2, because Boland stated in its ASBCA No. 63008[2] motion for summary judgment that:

(1)     "[T]he B-353 Task Order did not require the installation or construction of a Base Defense Operations Center ('BDOC') in the project's Trailers," (63008 app. msj at 1);

(2)     "The Base RFP did not provide for a BDOC," (*id.* at 12);

(3)     "[T]he Government expressly removed the requirement for a BDOC," (*id.*);

(4)     "USACE's Directive to Design and Build **a Telecommunications System and the BDOC Temp Requirement** Constituted Constructive Change[s] as a Matter of Law," (*id.* at 33 (emphasis added));

(5)     "[T]he Government's directive to design and install **the Telecommunications System and the BDOC Temp Requirement** for the Security Facility Trailers constituted constructive change[s]," (*id.* (emphasis added)); and

(6)     "USACE compelled Boland to perform work not required under the terms of the B-353 Security Facility Task Order when it directed Boland to design and install **the Telecommunications System and the BDOC Temp Requirement** in the Security Facility Trailers," (*id.* at 34 (emphasis added); *see also* app. mot. at 5-6).

However, those first three statements merely are general factual assertions about the BDOC in the Introduction or Statement of Undisputed Material Facts, which are devoid of any argument (63008 app. msj at 1, 12). Moreover, the last three statements confirm that Boland's arguments about the BDOC were intertwined with its arguments about the telecommunications systems because, as the bolded language indicates, Boland addressed the BDOC and telecommunications systems together (*id.* at 33-34). Thus, the Decision did not make a mistake in its findings of fact or an error of law by concluding that Boland

---

[2] Boland's ASBCA No. 63007 motion for summary judgment contained even fewer references to the BDOC, only referring to it twice in the Introduction, and once in a footnote (63007 app. msj at 1, 15).

failed to make any arguments about the BDOC separate from the telecommunications systems.[3]

Third, Boland argues in its reply brief that a BDOC is fundamentally different than a telecommunications system because a BDOC is a physical structure or a room, while a telecommunications system is a system (app. reply at 6-8). That is an argument that properly should have been—but was not—presented in connection with the summary judgment motions (*see* 63007 app. msj at 29-40; 63008 app. msj at 33-44; app. reply in support of msj at 5-57). Therefore, it is not an appropriate basis for a motion for reconsideration. *Dixon*, 741 F.3d at 1378.

II.    Counts III and IV of ASBCA Nos. 63007 and 63008

The Decision made an error of law to the extent that it dismissed Counts III and IV of ASBCA Nos. 63007 and 63008 in their entirety. Allegations in a complaint should be liberally construed. *Scotch Whisky Ass'n v. U.S. Distilled Products Co.*, 952 F.2d 1317, 1319 (Fed. Cir. 1991). Counts III and IV of ASBCA Nos. 63007 and 63008 are based upon alleged government delay, but the nature of that alleged government delay is not clear (compl. ¶¶ 124, 137, 163, 176). When we granted summary judgment on these counts in the Decision, we read the delay claims as being dependent upon the constructive change and properly dismissed them. *Boland*, 23-1 BCA ¶ 38,242 at 185,696. This was a mistake because, liberally construing the complaint, Counts III and IV also allege a different cause of government delay—namely delay caused by the government's having initially approved the design of the trailers without the telecommunications gear and only much later informing Boland of its revised understanding of what the task orders required. (*See* compl. ¶¶ 47-58, 69-82, 124, 163). The Decision did not address this form of delay and the government did not raise it in its motion for summary judgment. Thus, the Decision erred in dismissing Counts III and IV of ASBCA Nos. 63007 and 63008 to the extent that those claims allege that Boland is

---

[3] Boland also complains that the government failed to rebut its BDOC arguments (app. mot. at 7). However, since Boland failed to make any BDOC arguments separate from its telecommunications systems arguments, there were no BDOC arguments for the government to rebut separately from the telecommunications systems arguments. Likewise, the fact that the government did not specifically cross-move for summary judgment on the BDOC claims does not help Boland (*id.* at 8-10). Given Boland's intertwining of its BDOC and telecommunications systems arguments in its motions for summary judgment, it was reasonable for the government to conclude that Boland was treating the BDOC claims as part its telecommunications systems claims, and for the government to address the BDOC claims, and telecommunications systems claims together. Thus, the arguments that the government raised regarding the telecommunications systems claims in its cross-motions for summary judgment applied equally to the BDOC claims.

entitled to compensable delay and unabsorbed overhead for alleged government delay in issuing the modifications when the government thought that the Contracts required those features.

## CONCLUSION

The motion for reconsideration is granted in part and denied in part. To the extent that the Decision dismissed Counts III and IV of ASBCA Nos. 63007 and 63008 in their entirety, we amend the Decision to strike the allegations in Counts III and IV regarding delay caused by the government directing Boland to add telecommunications systems and a BDOC, instead of dismissing Counts III and IV. Boland may proceed with Counts III and IV of ASBCA Nos. 63007 and 63008 regarding alleged delay caused by the government failing to issue timely modifications to add telecommunications systems and a BDOC when the government thought that the Contracts required those features. The remainder of the motion for reconsideration is denied.

Dated: March 30, 2023

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 63007, 63008, Appeals of David Boland, Inc., rendered in conformance with the Board's Charter.

Dated:  March 30, 2023

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals