THIS ORDER IS A PRECEDENT OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

RSC

April 24, 2024

Opposition No. 91286055

*MyMeta Software, Inc.*

*v.*

*Meta Platforms, Inc.*

**Before Zervas, Dunn, and Elgin,**
**Administrative Trademark Judges.**

**By the Board:**

On December 7, 2023 the Board ordered the parties to file limited supplemental briefing regarding the asserted corporate domestication of Opposer, and deferred consideration of the pending motions to dismiss the original and amended notices of opposition. Each party submitted its supplementation, and the matter is now ready for decision.

A brief summary of the timeline leading to the filing of the original and amended notices of opposition is as follows. MyMeta Software, Inc., a Delaware corporation, ("MyMeta Software" or "Opposer") filed an extension of time to oppose the subject application electronically via the Board's Electronic System for Trademark Trials and Appeals (ESTTA). During the extended opposition period a notice of opposition was filed, wherein the ESTTA cover sheet to the notice of opposition identified only

MyMeta Software as the opposer, but the attached pleading identified only myMeta Software SRL ("myMeta SRL") as the opposer and owner of the pleaded application for a composite mark which includes the literal element myMeta.[1] Applicant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), for lack of subject-matter jurisdiction, arguing myMeta SRL had not been granted the extension of time to oppose. Opposer filed an amended notice of opposition that same day, in which the opposer is identified as "MyMeta Software, Inc., a Delaware corporation … and [ ] the corporate domestication of MyMeta Software, SRL".[2] Applicant filed a motion to dismiss the amended notice of opposition as untimely and arguing that MyMeta Software fails to sufficiently allege its entitlement to bring the statutory claim, which resulted in the December 7, 2023 Board order requiring supplemental briefing on corporate domestication.

I. **Motion to Dismiss Amended Notice of Opposition Under Fed. R. Civ. P. 12(b)(1)**

Because this opposition was filed during an extended opposition period, the opposition must be in the name of the entity to whom the extension was granted, unless one of the exceptions of Trademark Rule 2.102(b) applies. 37 C.F.R. § 2.102(b); *see also* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP")

---

[1] 1 TTABVUE. Record citations are to TTABVUE, the Board's publicly available docket system. *See, e.g., New Era Cap Co., Inc. v. Pro Era, LLC*, 2020 USPQ2d 10596, *2 n.1 (TTAB 2020). The number preceding "TTABVUE" corresponds to the docket entry number; the number(s) following "TTABVUE" refer to the page number(s) of that particular docket entry, if applicable.

[2] 7 TTABVUE 2. The certificate of service for Opposer's amended pleading is at 8 TTABVUE.

§ 206.03 (2023).[3] In its recent motion to dismiss this proceeding pursuant to Rule 12(b)(1), Applicant argues MyMeta Software's amended pleading was filed outside of the extended opposition period, the exceptions of Trademark Rule 2.102(b) are inapplicable, and MyMeta Software cannot be "add[ed] … to myMeta SRL's previously [filed] opposition."[4] As we explain below, Applicant's arguments are premised on the incorrect assumption that myMeta SRL is considered to be the party that filed the original notice of opposition.

The Board considers the ESTTA filing form and any attachments to comprise a single document. *PPG Indus., Inc. v. Guardian Indus. Corp.*, 73 USPQ2d 1926, 1928 (TTAB 2005). The Board uses the information provided on an ESTTA filing form accompanying a pleading when instituting the proceeding. This includes the name of the opposer, which is identified on the ESTTA filing form directly following the statement: "Notice is hereby given that the following party opposes registration of the indicated application." *See id.* at 1928 (in addition to identifying the filing party's name, the ESTTA filing form is also considered to include additional substantive information such as the opposer's entity type and address); *see also PepsiCo, Inc. v. Arriera Foods LLC*, 2022 USPQ2d 856, at *1 (TTAB 2022) (despite the identification of two parties in the attached pleading, only the party named on the ESTTA coversheet to the pleading was charged the filing fee and found to be an opposer).

---

[3] The exceptions in Rule 2.102((b) are "if the person in whose name the extension was requested was misidentified through mistake or if the opposition is filed in the name of a person in privity with the person who requested and was granted the extension of time."

[4] 9 TTABVUE 4-5.

Accordingly, the Board presumes the party named on the ESTTA filing form accompanying the notice of opposition is the opposer, and an explanation will be required if the filer seeks to identify a different opposer.[5] If a filer completing the ESTTA form alters the name of the party which received an extension to file an opposition, ESTTA will prompt the filer to explain the difference in the names. *See* TBMP §§ 303.05(b), 303.05(c). Because ESTTA does not examine an attached notice of opposition, ESTTA will not prompt the filer to explain a difference in the name set forth in the filing form and a name in the attached notice of opposition.

Here, MyMeta Software filed and received an extension of time to oppose and was identified on the ESTTA form accompanying the notice of opposition. Therefore, the Board instituted the proceeding with MyMeta Software as the opposer, even though myMeta SRL was identified in the attached pleading.

Turning to the amended pleading filed on August 23, 2023, we note that it was filed as a matter of course under Trademark Rule 2.107, 37 C.F.R. § 2.107, and Fed. R. Civ. P. 15(a)(1)(B). *See also* TBMP §§ 315, 507.02. The pleading amends the identity of the opposer to conform with the opposer previously identified on the

---

[5] The Board may also, in appropriate circumstances, sua sponte address the identity of the opposer. *See UMG Recordings, Inc. v. O'Rourke*, 92 USPQ2d 1042, 1043-44 (TTAB 2009). We note the Board has long allowed amendments under Fed. R. Civ. P. 15(a) to correct the misidentification of a plaintiff who misidentifies itself in an inter parties proceeding. *See Mason Eng'g & Design Corp. v. Mateson Chem. Corp.*, 225 USPQ 956, 957 n.3 (TTAB 1985) (deeming pleadings amended to recite opposer's correct name); *Airbrook, Inc. v. La Critique Belge, Naamloze Vennootschap*, 184 USPQ 505, 505-06 (TTAB 1974) (amendment granted to substitute sole user of mark when opposition mistakenly filed in name of original owner of pleaded mark); *Lone Star Mfg. Co. v. Bill Beasley, Inc.*, 176 USPQ 426, 426 n.1 (TTAB 1972) (amendment granted to correct corporate title), *rev'd on other grounds*, 498 F.2d 906, 182 USPQ 368 (CCPA 1974); *see also* TBMP § 512.04 (and cases cited therein).

original ESTTA filing form. In other words, there is no determination by the Board to accept an opposition filed in a name other than MyMeta Software. Because the Board already considered MyMeta Software as the opposer in the timely filed July 14, 2023, notice of opposition, MyMeta Software's amended pleading is not an untimely effort to bring an opposition.

In view of the foregoing, the August 23, 2023 amended notice of opposition is **accepted** as the operative pleading; Applicant's September 6, 2023 motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is **denied**; and Applicant's August 23, 2023 motion, which was directed to the original notice of opposition, is moot and will receive no further consideration.

## II. Motion to Dismiss Amended Notice of Opposition Under Fed. R. Civ. P. 12(b)(6)

We now turn to Applicant's argument that the amended notice of opposition fails to state a claim upon which relief can be granted. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is a test solely of the sufficiency of a complaint. *Adv. Cardiovascular Sys. Inc. v. SciMed Life Sys. Inc.*, 988 F.2d 1157, 26 USPQ2d 1038, 1041 (Fed. Cir. 1993); *Ahal Al-Sara Grp. for Trading v. Am. Flash, Inc.*, 2023 USPQ2d 79, at *1 (TTAB 2023); *NSM Res. Corp. v. Microsoft Corp.*, 113 USPQ2d 1029, 1032 (TTAB 2014). For purposes of determining the motion, the complaint must be examined in its entirety, construing the allegations therein liberally as required by Fed. R. Civ. P. 8(e), to determine whether it contains allegations which, if proved, would entitle the plaintiff to the relief sought. *Scotch Whisky Ass'n v. U.S. Distilled Prods. Co.*, 952 F.3d 1317, 1319, 21 USPQ2d 1145, 1147 (Fed. Cir 1991); *Petróleos Mexicanos v.*

*Intermix S.A.*, 97 USPQ2d 1403, 1404-05 (TTAB 2010); *IdeasOne, Inc. v. Nationwide Better Health, Inc.*, 89 USPQ2d 1952, 1953 (TTAB 2009); *Fair Indigo LLC v. Style Conscience*, 85 USPQ2d 1536, 1538 (TTAB 2007).

A plaintiff need only allege sufficient factual content that, if proved, would allow the Board to conclude, or draw a reasonable inference, that the plaintiff is entitled to a statutory cause of action and a valid ground exists for opposing the registration. *Doyle v. Al Johnson's Swedish Rest. & Butik, Inc.*, 101 USPQ2d 1780, 1782 (TTAB 2012) (citing *Young v. AGB Corp.*, 152 F.2d 1377, 47 USPQ2d 1752, 1754 (Fed. Cir. 1998)). The Board accepts as true all well-pleaded, material allegations of the complaint, and construes the complaint in favor of the complaining party. *See Jewelers Vigilance Comm., Inc. v. Ullenberg Corp.*, 823 F.2d 490, 2 USPQ2d 2021, 2023 (Fed. Cir 1987); *Adv. Cardiovascular Sys. Inc.*, 26 USPQ2d at 1041.

To plead entitlement to a statutory cause of action under Section 13 of the Trademark Act, a plaintiff must plead a real interest in the proceeding and a reasonable belief of damage. *Australian Therapeutic Supplies Pty. Ltd. v. Naked TM, LLC*, 965 F.3d 1370, 2020 USPQ2d 10837 at *3 (Fed. Cir. 2020); *see also Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 753 F.3d 1270, 111 USPQ2d 1058 (Fed. Cir. 2014); *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 101 USPQ2d 1713, 1727 (Fed. Cir. 2012). "Pleading facts, which if proved, would establish a plaintiff's entitlement to a statutory cause of action in a Board proceeding 'is a low threshold, intended only to ensure that the plaintiff has a real interest in the matter, and is not a mere intermeddler.'" *Ahal Al-Sara Grp. for Trading*, 2023 USPQ2d 79,

at *2 (quoting *Syngenta Crop. Protection v. Bio-Chek LLC*, 90 USPQ2d 1112, 1118 n.8 (TTAB 2009), and citing *Ritchie v. Simpson*, 170 F.3d 1092, 50 USPQ2d 1023, 1025-26 (Fed. Cir. 1999)).

To sufficiently plead a claim under Trademark Act § 2(d), a plaintiff must allege proprietary rights that are prior to the defendant's rights, and that the defendant's mark so resembles plaintiff's mark as to be likely to cause confusion. 15 U.S.C. § 1052(d); *Nike, Inc. v. Palm Beach Crossfit Inc.*, 116 USPQ2d 1025, 1030 (TTAB 2015). A plaintiff may plead likelihood of confusion hypothetically. *See* TBMP § 309.03(c)(2)(B) and cases cited therein.

Applicant argues that Opposer "does not and cannot allege sufficient facts to assert it is entitled to a statutory cause of action because it solely relies on the registration rights of a third-party, myMeta SRL."[6] In response, Opposer relies on its argument that, as a corporate domestication, it is the same legal entity as myMeta SRL.[7]

The amended pleading includes allegations regarding MyMeta Software's prior common law rights for the myMeta mark based on use in commerce.[8] In view of these allegations, we find that the amended pleading sufficiently pleads MyMeta Software's entitlement to a statutory cause of action. *Double Coin Holdings Ltd. v. Tru Dev.*, 2019 USPQ2d 377409, at *4 (TTAB 2019) (entitlement to bring and maintain

---

[6] 9 TTABVUE 9. To the extent Applicant also argues that MyMeta Software "fails to establish" entitlement to a statutory cause of action, 15 TTABVUE 13, a motion to dismiss "does not involve a determination of the merits of the case . . . ." *Libertyville Saddle Shop Inc. v. E. Jeffries & Sons, Ltd.*, 22 USPQ2d 1594, 1597 (TTAB 1992).

[7] 10 TTABVUE 8-9.

[8] Amended Notice of Opposition, ¶¶ 1, 2, 5, 6 (7 TTABVUE 2-3).

likelihood of confusion claim may be established based on prior common-law use of a similar mark); *Giersch v. Scripps Networks, Inc.*, 90 USPQ2d 1020, 1022 (TTAB 2009) (finding standing – now referred to as "entitlement" – based on common law use).

The amended pleading also includes allegations regarding an application owned by myMeta SRL (and attached as Exhibit 5 thereto), for which the Office has cited Applicant's application as a potential bar to registration.[9] We therefore address MyMeta Software's ability to rely on the pleaded application and hypothetical likelihood of confusion based on a refusal of that application.

The dispute centers on the impact of myMeta SRL's corporate domestication in Delaware and whether the resulting entity, MyMeta Software, is or is not the same legal entity as myMeta SRL. Opposer argues that, under Delaware's applicable statute, when a foreign corporation becomes domesticated "for all purposes of the laws of the State of Delaware, the corporation **shall be deemed to be the same entity** as the domesticating non-United States entity and the domestication **shall constitute a continuation of the existence** of the domesticating non-United States entity in the form of a corporation of this State." Del. Code Ann. tit. 8, § 388(i) (emphasis added). The statute further states:

> When any domestication shall have become effective under this section, for all purposes of the laws of the State of Delaware, all of the rights, privileges and powers of the non-United States entity that has been domesticated, and all property, real, personal and mixed, and all debts due to such non-United States entity, … shall remain

---

[9] Amended Notice of Opposition, ¶¶ 3, 7 (7 TTABVUE 3, 4). Exhibit 5 (7 TTABVUE 33, 34), identifies myMeta SRL as the applicant of the pleaded application. *See Caymus Vineyards v. Caymus Med., Inc.*, 107 USPQ2d 1519, 1522 (TTAB 2013) (considering exhibits attached to answer and counterclaim solely for purpose of ascertaining plausibility of allegations) (citing Fed. R. Civ. P. 10(c)).

vested in the corporation to which such non-United States entity has been domesticated (and also in the non-United States entity, if and for so long as the non-United States entity continues its existence in the foreign jurisdiction in which it was existing immediately prior to the domestication) and shall be the property of such corporation (and also of the non-United States entity, if and for so long as the non-United States entity continues its existence in the foreign jurisdiction in which it was existing immediately prior to the domestication), …. The rights, privileges, powers and interests in property of the non-United States entity, … shall not be deemed, as a consequence of the domestication, to have been transferred to the corporation to which such non-United States entity has domesticated for any purpose of the laws of the State of Delaware.

*Id.*

Applicant argues the Delaware statute appears to be self-contradictory in view of the language concerning the vesting of rights and property in both the domesticated corporation and the foreign entity, in contrast to the language at the end of the provision that the foreign entity's rights and interests in property shall not be deemed transferred to the domesticated corporation as a consequence of the domestication.[10] However, this argument fails to account for the very clear statement at the beginning of the statute that the domesticated corporation shall be deemed to be the same as, and a continuation of the existence of, the foreign entity.

Accordingly, under the plain language of the statute, myMeta SRL (the non-United States entity) and MyMeta Software (the domesticated corporation) are deemed to be the same continuing entity under Delaware law.[11] *Cf. Skechers U.S.A.,*

---

[10] 15 TTABVUE 10-11.

[11] Applicant also argues that "[t]here is no basis for applying the [Delaware] statute in this Board proceeding, particularly when doing so would be in contravention of established Board rules." (11 TTABVUE 5). We disagree. The determination of who may be party to Board proceedings and who may claim the benefits of a pleaded application are matters properly before the Board, and if state law must be addressed as part of the determination, we do so.

*Inc. v. Eliya, Inc.*, No. CV 16-02820, 2017 WL 3449595 (C.D. Cal. Feb. 3, 2017) (under Virginia law, once "foreign corporation's certificate of domestication becomes effective, that corporation is deemed to be, *inter alia*, 'the same corporation as the corporation that existed under the laws of the jurisdiction or jurisdictions in which it was originally incorporated or formerly domiciled'" and the change in state of incorporation does not render it a new party for purposes of litigation) (quoting Va. Code. Ann. § 13.1-722.6(A)(5)(b)); *Perrigo Co. v. Merial Ltd.*, No. 8:14-CV-403, 2015 WL 1538088 (D. Neb. Apr. 7, 2015) (foreign entity and its Delaware domesticated limited liability company "are the same entity", citing Del. Code Ann. tit. 6, § 18-212).

Under the Delaware statute, myMeta SRL is not a third party but rather the foreign corporation whose domestication resulted in MyMeta Software and the rights and property of myMeta SRL are vested in MyMeta Software. Del. Code Ann. tit. 8, § 388(i).[12] *Cf. Moreno v. Pro Boxing Supplies, Inc.*, 124 USPQ2d 1028, 1035-36 (TTAB 2017) (mere licensee cannot rely on licensor's use to prove priority); *Chem. N. Y. Corp. v. Conmar Form Sys., Inc.*, 1 USPQ2d 1139, 1142 (TTAB 1986) (since licensee is not the owner of licensor's registrations, licensee cannot rely on them for priority). In

---

*See Selva & Sons, Inc. v. Nina Footwear, Inc.*, 705 F.2d 1316, 1323–25 (Fed. Cir. 1983) ("Similarly in the present case, although other courts would be the proper tribunals in which to litigate a cause of action for enforcement or breach of the contract here involved, that is not sufficient reason for the [B]oard to decline to consider the agreement, its construction, or its validity if necessary to decide the issues properly before it in this cancellation proceeding, including the issue of estoppel."); *Old Swiss House, Inc. v. Anheuser-Busch, Inc.*, 569 F2d 1130, 196 USPQ 808 (CCPA 1978) ("It is proper, then, to look at the governing state law or interpretation of the agreement [involving transfer of common law rights in the mark].").

[12] Because the pleaded application is based on Section 66(a) of the Trademark Act, any assignment of the application must first be recorded at the International Bureau of the World Intellectual Property Organization. 37 C.F.R. § 722; s*ee also* Trademark Manual of Examining Procedure ("TMEP") §§ 501.07, 1904.06 (Nov. 2023).

other words, the rights of MyMeta SRL in the application are vested in MyMeta Software, and MyMeta Software may rely on the refusal of that application as further proof of its entitlement to bring the likelihood of confusion claim under Trademark Act Section 2(d).

Although Applicant has not challenged the sufficiency of the claim, we further find that Opposer has sufficiently pled a claim under Section 2(d) based on alleged prior common law rights and hypothetical likelihood of confusion.[13]

Accordingly, Applicant's motion to dismiss the amended notice of opposition for failure to state a claim is **denied**.

## III.  Resumption of Proceedings

Proceedings are **resumed** on the following schedule.

| | |
|---|---|
| Time to Answer | 5/15/2024 |
| Deadline for Discovery Conference | 6/14/2024 |
| Discovery Opens | 6/14/2024 |
| Initial Disclosures Due | 7/14/2024 |
| Expert Disclosures Due | 11/11/2024 |
| Discovery Closes | 12/11/2024 |
| Plaintiff's Pretrial Disclosures Due | 1/25/2025 |
| Plaintiff's 30-day Trial Period Ends | 3/11/2025 |
| Defendant's Pretrial Disclosures Due | 3/26/2025 |
| Defendant's 30-day Trial Period Ends | 5/10/2025 |
| Plaintiff's Rebuttal Disclosures Due | 5/25/2025 |
| Plaintiff's 15-day Rebuttal Period Ends | 6/24/2025 |
| Plaintiff's Opening Brief Due | 8/23/2025 |

---

[13] Amended Notice of Opposition, ¶¶ 5-7, 9, 11, 12 (7 TTABVUE 4). Because Opposer pleads the USPTO's refusal of the pleaded application on the basis of likelihood of confusion rather than directly pleading its own belief in a likelihood of confusion, we do not construe the amended pleading as asserting a claim of likelihood of confusion directly. If Opposer intended to assert such a claim, it should promptly file a motion to amend its pleading. Fed. R. Civ. P. 15(a)(2); *see also* TBMP § 507.

| Defendant's Brief Due | 9/22/2025 |
| Plaintiff's Reply Brief Due | 10/7/2025 |
| Request for Oral Hearing (optional) Due | 10/17/2025 |

**Important Trial and Briefing Instructions**

Generally, the Federal Rules of Evidence generally apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Such briefs should utilize citations to the TTABVUE record created during trial, to facilitate the Board's review of the evidence at final hearing. *See* TBMP § 801.03. Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).

**TIPS FOR FILING EVIDENCE, TESTIMONY, OR LARGE DOCUMENTS**

The Board requires each submission to meet the following criteria before it will be considered: 1) pages must be legible and easily read on a computer screen; 2) page orientation should be determined by its ease of viewing relevant text or evidence, for example, there should be no sideways or upside-down pages; 3) pages must appear in their proper order; 4) depositions and exhibits must be clearly labeled and numbered

– use separator pages between exhibits and clearly label each exhibit using sequential letters or numbers; and 5) the entire submission should be text-searchable. Additionally, submissions must be compliant with Trademark Rules 2.119 and 2.126. Submissions failing to meet all of the criteria above may require re-filing. **Note:** Parties are strongly encouraged to check the entire document before filing.[14] The Board will not extend or reset proceeding schedule dates or other deadlines to allow time to re-file documents. For more tips and helpful filing information, please visit the ESTTA help webpage.

---

[14] To facilitate accuracy, ESTTA provides thumbnails to view each page before submitting.